308 P.3d 1180

In the Matter of the CONSERVATORSHIP FOR Helga MALLET, An Adult.

The Sun Valley Group, Inc.; Warner Angle Hallam Jackson & Formanek, PLC, Appellants,

v.

Helga Mallet, Appellee.

No. 1 CA–CV 12–0538.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 22, 2013.

---

* The Honorable Maria Elena Cruz, Judge of the Yuma County Superior Court, is authorized by the Chief Justice of the Arizona Supreme Court to participate in the disposition of this appeal pursuant to Article 6, Section 3, of the Arizona Constitution and A.R.S. §§ 12–145 to –147 (2003).

Warner Angle Hallam Jackson & Formanek PLC By Jerome K. Elwell, Phillip B. Visnansky, J. Brent Welker, Phoenix, Attorneys for Appellants.

Helga Mallet, Colorado, In Propria Persona.

## OPINION

CATTANI, Judge.

¶1 Sun Valley Group, Inc. and its attorneys, Warner Angle Hallam Jackson & Formanek PLC ("Warner Angle"), appeal the probate court's order denying half of the fiduciary and attorney's fees sought for services provided on behalf of a conservatorship/guardianship. For reasons that follow, we vacate the probate court's ruling and remand for proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Sun Valley served as conservator and guardian for Helga Mallet, succeeding Southwest Fiduciary Inc., which withdrew as Mallet's temporary conservator in September 2008. The conservatorship was created after Mallet spent approximately one million dollars in an investment scam. She also sold a valuable car to a swimming pool maintenance provider for less than one quarter of its market value, and she appeared to be unable to manage her own assets.

¶3 Warner Angle represented Sun Valley for much of the time that Sun Valley acted on Mallet's behalf. In February of 2011, Sun Valley resigned as conservator and guardian when it ceased doing business, and a successor fiduciary was appointed for Mallet. Sun Valley then filed a petition to approve a final accounting and for approval of fiduciary fees and costs in the amount of $96,859.60, as well as attorney's fees and costs in the amount of $28,501.64.

¶4 The court found that Sun Valley's fiduciary services were "for the most part," "reasonable, necessary, and in the best interests of Mallet." The court found that Warner Angle's legal services were "reasonable, necessary, and in the best interests of Mallet." The court nevertheless only awarded Sun Valley and Warner Angle 50 percent of the fees charged, noting that at the end of Sun Valley's final accounting period, Mallet's net

worth was $811,036, but that the majority of Mallet's net worth was in real estate and was not liquid. The court found that "Mallet cannot afford the various fiduciary and attorney's fees," so it was not in "her best interests to approve the total fees requested ... even though they were rightfully earned."[1]

¶5 Sun Valley and Warner Angle timely appealed the partial denial of their claim for fees and costs. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(A)(1).[2]

## DISCUSSION

¶6 Sun Valley and Warner Angle argue that the probate court erred by awarding only half of the fees and costs sought despite the court's finding that the fees were reasonable, necessary, and in Mallet's best interests. Sun Valley and Warner Angle also argue that the court erred by holding that Mallet could not afford to pay the fees and costs requested without having first conducted an evidentiary hearing on the matter.

¶7 We review the superior court's award of attorney's fees under an abuse of discretion standard. *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265, ¶18, 99 P.3d 1030, 1035 (App.2004). We conduct a de novo review of issues of law, such as a superior court's legal authority to use a specific method for determining attorney's fees. *See Burke v. Ariz. State Ret. Sys.*, 206 Ariz. 269, 272, ¶6, 77 P.3d 444, 447 (App.2003).

¶8 Under A.R.S. § 14–5414(A) and (C), a conservator and attorneys retained by a conservator are entitled to reasonable compensation from the protected person's estate. Similarly, A.R.S. § 14–11004 provides that a trustee is entitled to reimbursement from the trust for reasonable fees and costs.

¶9 Rule 33 of the Arizona Rules of Probate Procedure directs the superior court to "follow the statewide fee guidelines set forth in the Arizona code of judicial administration" to determine "reasonable compensation." The guidelines, in turn, mandate consideration of several factors when reviewing hourly rates and charges and determining what constitutes reasonable compensation. Ariz.Code of Jud. Admin. § 3–303(D)(3). These factors include, *inter alia:* (1) "[t]he result, specifically whether benefits were derived from the efforts, and whether probable benefits exceeded costs[,]" (2) "[w]hether the Professional timely disclosed that a projected cost was likely to exceed the probable benefit," (3) the professional's skill and expertise, (4) the character of the work and skill required, (5) the work actually performed and the time required, (6) the customary fees and usual time expended for like services, and (7) the risks and responsibilities associated with the work. *Id.; see also In re Guardianship of Sleeth*, 226 Ariz. 171, 174–76, ¶¶15–20, 244 P.3d 1169, 1172–74 (App.2010); Nat'l Probate Court Standards 3.1.4 & cmt., "Attorneys' and Fiduciaries' Compensation" (listing similar factors); Ariz. Code of Jud. Admin. § 3–301 ("The National Probate Court Standards ... shall govern probate cases in the superior court.").

¶10 Counsel and other fiduciaries "have a duty to undertake a cost-benefit analysis at the outset and throughout their representation to ensure that they provide needed services that further the protected person's best interests and do not waste funds or engage in excessive or unproductive activities." *Sleeth*, 226 Ariz. at 175, ¶18, 244 P.3d at 1173. Courts must consider the cost-benefit balance when determining whether fees requested are reasonable, that is "whether probable benefits exceed[ ] costs." *See* Ariz.Code of Jud. Admin. § 3–303(D)(3)(m).

¶11 Although the size and liquidity of the estate are relevant in determining

---

**1.** Addressing an additional request, the court awarded the law firm Ryan Rapp & Underwood $10,897.86 of $13,850.36 requested for legal work in resolving a tax issue. The court noted that the firm had already been paid the approved amount.

**2.** Absent material revisions after the relevant date, we cite a statute's current version.

whether services should be provided and fees approved for those services, the more significant inquiry is the degree to which the services will potentially benefit or have benefited the *overall* estate. Services are generally reasonable if their anticipated or actual benefit exceeds their cost to the estate. On the other hand, services would generally not be worthwhile (or reasonable) if cost exceeds benefit. Liquidity may also be relevant to the inquiry, as the total cost of services for an illiquid estate must include the cost of liquidating assets to pay for those services. If without proffered fiduciary/legal services, a substantial but illiquid estate would be depleted in an amount greater than the total cost of services (including the cost of liquidating assets to provide funds for payment), the services are likely reasonable and the court should approve payment of fees, liquidity notwithstanding.

¶ 12 Here, the probate court found that the services provided were reasonable, necessary, and in Mallet's best interest, but that Mallet could not afford to pay the fees charged. That rationale, without more, is insufficient. The probate rules require consideration of all guideline factors, including an overall cost-benefit analysis of services provided.

¶ 13 Although we recognize the probate court's considerable discretion in determining the reasonableness of fee requests, that discretion must be exercised in light of consideration of all factors, including the cost-benefit analysis described above. We therefore vacate the probate court's ruling and remand for a re-determination of the reasonableness of the fees charged.

## CONCLUSION

¶ 14 For the foregoing reasons, we vacate the decision below and remand for consideration of the fee requests consistent with this decision.

CONCURRING: JON W. THOMPSON, Presiding Judge and PHILIP HALL, Judge.*