NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of the Estate of:

ANITA FAYE THOMPSON, Deceased.

SHAWNA KUROWSKI, as Successor Personal Representative
of the Estate of Anita Faye Thompson, *Appellant,*

*v.*

ROBERT KELLY GORMAN, as counsel for former Personal
Representative of the Estate of Anita Faye Thompson, *Appellee.*

No. 1 CA-CV 14-0260
FILED 8-25-2015

Appeal from the Superior Court in Maricopa County
No. PB2010-000652
The Honorable Brian S. Rees, Commissioner
The Honorable Richard Nothwehr, Commissioner

**AFFIRMED**

COUNSEL

Shawna Kurowski, Glendale
*Appellant*

Jones, Skelton & Hochuli, PLC, Phoenix
By Justin M. Ackerman, J. Gary Linder
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Randall M. Howe joined. Judge Peter B. Swann dissented.

---

**G O U L D**, Judge:

¶1        Appellant Shawna Kurowski, personal representative for the Estate of Anita Faye Thompson (the "Estate"), appeals the trial court's award of attorneys' fees to Appellee Robert Kelly Gorman, who served as counsel for the previous personal representative, June Branch.  We affirm the award for the reasons set forth below.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2        Thompson died on January 17, 2010.  Thompson's Last Will and Testament dated January 7, 2010 (the "Will") was admitted to probate without objection.  In the Will, Thompson bequeathed $2,000.00 to her church and directed that the remainder of her estate be distributed to four named beneficiaries, including Kurowski.  Thompson nominated June Branch to serve as personal representative, and Branch retained Gorman to represent her in administering the Estate.  At that time, the Estate was comprised of a bank account containing approximately $35,000.00 and another $3,000.00 in trust.

¶3        The Will did not clearly direct how the remainder was to be distributed.  Gorman sought to resolve this ambiguity by drafting a settlement agreement under which the four named beneficiaries would split the remainder equally.  According to Gorman, two of the beneficiaries quickly agreed, but Kurowski and another beneficiary, Brandon Eller, did not. Gorman claims to have "patiently waited" for Kurowski and Eller, and further claims that he "offered to amend [the settlement agreement], to simplify to do anything reasonable that protected all parties," but that Kurowski and Eller "outright refused" to cooperate.

¶4        In July 2012, Gorman reported "extreme difficulty with certain parties," presumably Kurowski and Eller.  Shortly thereafter,

Kurowski, appearing *pro se*, petitioned to have Branch removed as personal representative. Kurowski alleged that Branch and Gorman did not treat all beneficiaries fairly; she also objected to Gorman's proposed settlement agreement. In response, Gorman alleged that Kurowski was largely responsible for the delays in reaching a resolution.

¶5        At the hearing on Kurowski's petition, the trial court expressed concerns about the delays in closing the Estate, and ordered Gorman to file a proposed distribution plan and petition for attorneys' fees. Gorman's proposed plan called for Thompson's church to receive $2,000.00 and for each remainder beneficiary to receive $1,000.00. Gorman sought $33,620.90 in fees and costs, $22,650.00 of which the Estate already had paid him. Branch then passed away, and Kurowski succeeded her as personal representative. In that capacity, Kurowski objected to Gorman's fee petition, arguing that Gorman should receive only $4,000.00 in total fees. Gorman then filed a formal claim against the Estate for his unpaid fees.

¶6        Following an evidentiary hearing, the trial court denied Gorman's claim for unpaid fees, but did not order Gorman to disgorge any of the $22,650.00 he already had received. Kurowski timely appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(9) (West 2015). *See In re Estate of McGathy*, 226 Ariz. 277, 280, ¶ 17 (2010) (holding that appellate courts have jurisdiction over "the final disposition of each formal proceeding instituted in an unsupervised administration").

## DISCUSSION

¶7        We review an award of attorneys' fees for an abuse of discretion, examining the record in the light most favorable to upholding the award. *In re Indenture of Trust Dated January 13, 1964*, 235 Ariz. 40, 51, ¶ 41 (App. 2014).

### I.  Basis for Fee Award

¶8        A personal representative may retain counsel to advise or assist in the performance of his administrative duties, A.R.S. § 14-3715(21) (West 2015), and may recover reasonable attorneys' fees from the estate if he "defends or prosecutes any proceeding in good faith, whether successful or not . . . ." A.R.S. § 14-3720 (West 2015). To determine good faith, the trial court must objectively review the personal representative's motives or purposes in conducting litigation and determine whether he was honest in his dealings. *In re Estate of Gordon*, 207 Ariz. 401, 406, ¶ 24 (App. 2004).

**¶9**          While the trial court was critical of Gorman's efforts, it found that Gorman "honestly did his best and did what he believed to be right, and did what his client instructed him to do." The trial court thus found that Gorman acted in good faith. *See In re Estate of Shano*, 177 Ariz. 550, 557-58 (App. 1993) (stating that, if the trial court is not asked to make specific findings and conclusions, the appellate court will "imply the necessary findings and conclusions, supported by the record, to sustain the judgment").

**¶10**          Kurowski argues the trial court was required to find "that [Gorman's] actions were necessary and provided a benefit to the estate that was commensurate with the costs compared to the value of the estate . . . ." While benefit to the estate can tend to establish good faith, it is not an independent requirement under § 14-3720. *Gordon,* 207 Ariz. at 406, ¶¶ 25-26. Moreover, the fact that Gorman's services diminished the value of the Estate does not alone suggest that he acted in bad faith. *Id*. at 406, ¶ 27. In any event, the trial court specifically inquired into whether Gorman's services benefitted the Estate during the hearing on Kurowski's objection. We therefore see no reason to overturn the trial court's finding of good faith.

## II. Reasonableness of Fee Award

**¶11**          The reasonableness of an attorneys' fees award is a matter peculiarly within the trial court's discretion, and the award will not be disturbed absent a showing of abuse of that discretion. *Harris v. Reserve Life Ins. Co.*, 158 Ariz. 380, 384 (App. 1988). To find an abuse of discretion, there either must be no evidence to support the trial court's award or the court's reasoning must be clearly untenable, legally incorrect, or amount to a denial of justice. *Charles I. Friedman, P.C. v. Microsoft Corp.*, 213 Ariz. 344, 350, ¶ 17 (App. 2006). It is Kurowski's burden to show that the trial court abused its discretion. *Guirey, Srnka & Arnold, Architects v. City of Phoenix*, 9 Ariz. App. 70, 71 (1969).

**¶12**          Kurowski argues the trial court abused its discretion by failing to make express findings in support of its award. Kurowski asserts that such express findings are required under *In re Guardianship of Sleeth*, 226 Ariz. 171 (App. 2010). We disagree. The trial court was not obligated to expressly state the factual bases for its award. *In re January 13, 1964 Trust,* 235 Ariz. at 52, ¶ 44; *see also Hawk v. PC Village Ass'n, Inc.*, 233 Ariz. 94, 100, ¶ 21 (App. 2013) ("In exercising its discretion to award fees, the court . . . need not make findings on the record.").

4

**¶13**      Kurowski also contends that the evidence does not support the trial court's award. Specifically, Kurowski argues the trial court should have denied Gorman's fee request based on his "lack of success on the issues" and "the lack of benefit derived by the Estate from [Gorman's] efforts." *Sleeth*, 226 Ariz. at 175, ¶ 17. We disagree.

**¶14**      The trial court heard testimony from both Gorman and Kurowski on these issues, and denied Gorman's unpaid fees claim based, at least in part, on Kurowski's testimony. The trial court, therefore, did consider these factors. Moreover, because Gorman's and Kurowski's testimony largely conflicts on these issues, "in determining the ultimate facts we are . . . bound to assume that the court found all the facts necessary to support its judgment."[1] *Leggett v. Wardenburg*, 53 Ariz. 105, 107 (1939); *see also Premier Fin. Servs. v. Citibank (Arizona)*, 185 Ariz. 80, 85 (App. 1995) ("It is not our prerogative to weigh the evidence and determine the credibility of witnesses; that role belongs to the trial court.").

**¶15**      In considering Gorman's fee request, the trial court relied upon Gorman's detailed billing records. In support of these billings, Gorman asserted that Kurowski's "distrust and misunderstanding" caused him to incur significant fees that otherwise could have been avoided. Considering all of this evidence, the trial court declined to award Gorman his full fee request in the amount of $33,620.90, and instead limited the award to $22,650.00. Under these facts, although it is concerning that the amount of fees awarded is very large given the size of the Estate, we are unable to conclude the award was an abuse of the trial court's broad discretion.

**¶16**      Finally, we note that Kurowski failed to make any specific objections to Gorman's billing records. Rather, she generally objects to the reasonableness of these fees on the grounds Gorman preferred certain beneficiaries over others, and that he deprived the remainder beneficiaries of a significant portion of their inheritances. However, such broad objections to the total amount of fees charged do not, by themselves, establish unreasonableness. *In re January 13, 1964 Trust*, 235 Ariz. at 53 n.9, ¶ 48; *see A. Miner Contracting, Inc. v. Toho-Tolani County Imp. Dist.*, 233 Ariz.

---

[1] Kurowski places great weight on one sentence from the trial court's order which states that Gorman's services were "not done in the best interest of the estate." When read in context, however, it is clear that the trial court was referring to those services comprising Gorman's *unpaid* fees claim.

249, 262, ¶ 43 (App. 2013) (finding no abuse of discretion where the objecting party "fail[ed] to identify with any particularity what evidence supports a further reduction in fees beyond the reduction already granted by the trial court"); *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 491, ¶ 39 (App. 2007) (finding no abuse of discretion where the objecting party "argued generally that . . . counsel spent excessive time defending the case and questioned the necessity of various aspects of counsel's work").

## CONCLUSION

**¶17**         We affirm the trial court's fee award. Gorman requests an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 14-3720, but he does not represent the personal representative in this appeal. Therefore, we deny his request. *See In re Estate of Friedman*, 217 Ariz. 548, 558, ¶ 40 (App. 2008) (denying an attorney's request for fees on appeal under § 14-3720 because the appeal was taken "for [the attorney's] own benefit, not for the benefit of the estate").

**S W A N N**, Judge, dissenting:

¶18        I respectfully dissent.  Gorman sought $33,620.90 in fees against an estate worth $38,000.00 -- more than 88% of the total value -- without ever taking a concrete step to secure resolution of the dispute that prevented efficient settlement.  Though the trial court properly denied his claim for the unpaid balance, the $22,650.00 (59% of the estate's value) that it allowed him to retain was so strikingly unreasonable that I would reverse and remand for a hearing on the appropriate fee to award.

¶19        Gorman's first step in attempting to distribute the estate assets was entirely reasonable -- he drafted a facially fair settlement agreement.  But when that agreement failed to materialize, Gorman billed large amounts simply to field communications that were completely unproductive.  He never sought the court's assistance in securing a resolution to the dispute, despite the fact that a judicial resolution would have been both expeditious and inexpensive. By the time Gorman informed the court of the dispute's existence, he had already swallowed nearly the entire value of the estate in legal fees.

¶20        While settlement is very often in the best interests of litigants, a case like this would not have involved significant litigation costs -- the court could have decided the allocation of these estate assets for a fraction of the legal fees Gorman billed, yet it was not asked to so until those assets had already been dissipated.  By rewarding such inefficiencies, the courts do nothing to dispel the perception held by some that the legal system operates for its own benefit and not for the benefit of those it is intended to serve.

¶21        Ariz. R. Prob. P. 33(F) directs the trial court to "'follow the statewide fee guidelines set forth in the Arizona code of judicial administration' to determine 'reasonable compensation.'"  *In re Conservatorship for Mallet*, 233 Ariz. 29, 31, ¶ 9 (App. 2013).  These guidelines identify the following factors:

> (1) "[t]he result, specifically whether benefits were derived from the efforts, and whether probable benefits exceeded costs[,]" (2) "[w]hether the Professional timely disclosed that a projected cost was likely to exceed the probable benefit," (3) the professional's skill and expertise, (4) the character of the work and skill required, (5) the work actually performed and the time required, (6) the customary fees and usual time

expended for like services, and (7) the risks and responsibilities associated with the work.

*Id.* Counsel also has "a duty to undertake a cost-benefit analysis at the outset and throughout their representation to ensure that they provide needed services that further the protected person's best interests and do not waste funds or engage in excessive or unproductive activities." *Id.* at ¶ 10 (citation omitted). Although the trial court has broad discretion in determining the reasonableness of a fee request, it must exercise that discretion after consideration of all relevant factors, including the cost-benefit analysis described above. *Id.* at 32, ¶ 13.

**¶22** Here, while the trial court's orders plainly state the reason it properly denied Gorman's *unpaid* fees claim, they do not state its reasons for approving those fees Gorman already had received. The record does not indicate whether the trial court considered any of the factors set forth above, or whether Gorman undertook any cost-benefit analysis before undertaking his services. Indeed, the court expressed its concern, with which I generally agree, that "[t]here is absolutely no reason why a $35,000 estate should have $22,000 in attorney's fees."

**¶23** For these reasons, I respectfully dissent.



Ruth A. Willingham · Clerk of the Court
FILED: ama