IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

US BANK, N.A., *Plaintiff/Appellee*,

*v.*

JPMORGAN CHASE BANK, N.A., *Defendant/Appellant*.

No. 1 CA-CV 16-0253
FILED 6-29-2017

Appeal from the Superior Court in Maricopa County
No. CV2013-016656
The Honorable Arthur T. Anderson, Judge

**AFFIRMED IN PART; VACATED IN PART; REMANDED**

COUNSEL

Jaburg & Wilk, PC, Phoenix
By David L. Allen, Nichole H. Wilk
*Counsel for Plaintiff/Appellee*

Maynard, Cronin, Erickson, Curran & Reiter, PLC, Phoenix
By Douglas C. Erickson
*Counsel for Defendant/Appellant*

**OPINION**

Judge Diane M. Johnsen delivered the opinion of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia K. Norris joined.

**J O H N S E N**, Judge:

**¶1**　　　　In this dispute between two lenders, we address the doctrines of "replacement" and equitable subrogation as they apply to respective lien rights. We affirm the superior court's application of the replacement doctrine to a claim by US Bank, N.A. for declaratory relief. We vacate the court's application of equitable subrogation and remand for entry of judgment in favor of JPMorgan Chase Bank, N.A. ("Chase") on US Bank's second claim for declaratory relief. We also remand for consideration of US Bank's remaining claims.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　In 1997, Dietrich and Susanne Loeper obtained a $200,000 home equity line of credit ("HELOC") from Chase's predecessor in interest, Bank One, Arizona, N.A. ("Bank One"). The HELOC was secured by a deed of trust on the Loepers' home ("HELOC Deed of Trust"). In 2001, the HELOC was modified to increase the available credit to $250,000.

**¶3**　　　　In 2004, the Loepers executed a note and deed of trust in favor of US Bank's predecessor in interest, First Magnus Financial Corporation ("FMF") for $387,000 ("2004 FMF Note" and "2004 FMF Deed of Trust"). At that time, Bank One executed and recorded a subordination agreement waiving the HELOC Deed of Trust's priority in favor of the 2004 FMF Deed of Trust.

**¶4**　　　　In 2005, the Loepers executed a new note and deed of trust in favor of FMF for $682,000 ("2005 FMF Note" and "2005 FMF Deed of Trust"), and used $384,040.34 from the loan proceeds to pay off the 2004 FMF Note. The 2004 FMF Deed of Trust was released. The closing statement also allocated $211,148.30 from the proceeds of the new loan to pay off the HELOC. According to Chase, which by then owned the HELOC, it received and deposited this sum but did not close the HELOC or release the HELOC Deed of Trust because the payment "was $3,452.13 short of what was required to pay off the Loan." Chase advised the title company of the shortfall, but no action was taken to correct it.[1] Thereafter, the Loepers

---

[1]　　In the statement of facts it filed on summary judgment, Chase explained that:

continued to take advances on the HELOC, resulting in an unpaid balance of more than $203,000 by 2013.

¶5            Meanwhile, the Loepers defaulted on the 2005 FMF Note, and the trustee began non-judicial foreclosure proceedings.  The trustee obtained a trustee sale guaranty report, which showed the HELOC Deed of Trust as superior to the 2005 FMF Deed of Trust.  Thereafter, the trustee under the HELOC Deed of Trust also began foreclosure proceedings.

¶6            US Bank, now holder of the 2005 FMF Note and Deed of Trust, then filed a four-count complaint in superior court for (1) declaratory relief – lien priority pursuant to the replacement doctrine, (2) declaratory relief – lien priority pursuant to equitable subrogation, (3) unjust enrichment, and (4) estoppel.  The parties agreed to postpone any trustee's sale until the superior court's final ruling on the lien priorities.

¶7            Following discovery, US Bank moved for summary judgment on counts one and two of the complaint, and Chase cross-moved for summary judgment on all four counts.  Following oral argument, the superior court granted US Bank's motion and denied Chase's cross-motion.  Applying both the replacement doctrine and equitable subrogation, the court concluded that "equity favors subordinating Chase's lien to US Bank's lien."  The court then entered judgment pursuant to Arizona Rule of Civil Procedure 54(b), awarding US Bank its attorney's fees.  Chase timely appealed, and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2017).[2]

A check in the amount of $211,148.30 was received by Chase on or about September 16, 2005, which was insufficient to pay off the [HELOC].  Guaranty Title Agency was advised that the payment was $3,452.13 short of what was required to pay off the [HELOC], on or about September 18, 2005.  The [HELOC] was not paid in full and the line of credit remained open.

US Bank did not controvert that statement.  Chase has named the title company as a non-party at fault.

[2]      Absent material revision after the relevant date, we cite a statute's current version.

## DISCUSSION

### A.  General Principles.

¶8         Previously recorded deeds of trust normally take priority over later deeds of trust.  *See BAC Home Loans Servicing, LP v. Semper Invs. L.L.C.*, 230 Ariz. 587, 590, ¶ 6 (App. 2012).[3]  Two equitable doctrines, replacement and subrogation, however, may permit a later-recorded deed of trust to assume priority over an earlier deed of trust.  *See Markham Contracting Co. v. Fed. Deposit Ins. Co.*, 240 Ariz. 360, 363, ¶ 15 (App. 2016). Although replacement and subrogation are similar doctrines, they apply in different situations.  Subrogation applies when there are two different lenders "because, by definition, one cannot be subrogated to one's own previous deed of trust." *Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 385, ¶ 10 (App. 2011).  Conversely, replacement applies to a refinancing by the same lender.  *See Markham*, 240 Ariz. at 363, ¶ 15.

¶9         The superior court applied both doctrines in this case.  We review *de novo* the application of these equitable doctrines.  *See Brimet II, LLC v. Destiny Homes Mktg., LLC*, 231 Ariz. 457, 459, ¶ 10 (App. 2013).  In considering their application, we "examine the totality of the equities." *Markham*, 240 Ariz. at 364, ¶ 18.[4]

### B.  Replacement.

¶10         Chase argues the HELOC Deed of Trust is superior to the 2005 FMF Deed of Trust "under the rule of first in time, first in right."

---

[3]     In this opinion, we use the terms "mortgage," "deed of trust" and "lien" interchangeably.  *See Weitz Co. v. Heth*, 235 Ariz. 405, 409, ¶ 12, n.2 (2014).

[4]     We review *de novo* the superior court's grant of summary judgment. *See Weitz*, 235 Ariz. at 409, ¶ 11.  Summary judgment is appropriate if there is no genuine issue of material fact and "the moving party is entitled to judgment as a matter of law."  Ariz. R. Civ. P. 56(a); *see also Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990).  We view the facts in the light most favorable to the party against which judgment was entered.  *See Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 384, ¶ 2 (App. 2011).

¶11      Arizona expressly has adopted the replacement doctrine as defined by the Restatement (Third) of Property: Mortgages ("Restatement") § 7.3 (1997):

> If a senior mortgage is released of record and, as part of the same transaction, is replaced with a new mortgage, the latter mortgage retains the same priority as its predecessor, except . . . to the extent that any change in the terms of the mortgage or the obligation it secures is materially prejudicial to the holder of a junior interest in the real estate . . . .

*Cont'l Lighting*, 227 Ariz. at 388, ¶ 22 (citing Restatement § 7.3).[5]   The rationale behind the replacement doctrine is that "the intervening lienholder suffers no prejudice because its lien maintains the same position it occupied before the subsequent lender satisfied the pre-existing obligation." *Lamb Excavation, Inc. v. Chase Manhattan Mortg. Corp.*, 208 Ariz. 478, 481, ¶ 11 (App. 2004).

¶12      Applying Restatement § 7.3 in *Continental Lighting*, this court held that:

> where a senior lien is released of record and, as part of the same transaction, is replaced with a new lien, the latter retains the same priority as its predecessor, except to the extent that any change in the terms of the security document or the underlying debt it secures is materially prejudicial to a junior lienholder's interest in the real property.

227 Ariz. at 388, ¶ 22.  In *Continental Lighting*, the amount of the new loan exceeded the balance on the original loan; therefore, the new deed of trust assumed the priority of the original deed of trust to the extent of the balance on the original loan paid off by the new loan.  *Id.* at 388-89, ¶ 23.

¶13      Here, the Loepers used the 2005 FMF Note proceeds to satisfy and replace the 2004 FMF Note and the 2004 FMF Deed of Trust.  Therefore, application of the replacement doctrine is appropriate.  Pursuant to the

---

[5]      Restatement § 7.3 applies both to the replacement and modification of mortgages.  *See* Restatement § 7.3.  This case involves replacement, which occurs when "a lender releases its original lien of record, discharging it with the proceeds of the second loan secured by a new mortgage that is recorded either immediately or shortly after releasing the initial loan as part of the same replacement loan transaction." *Cont'l Lighting*, 227 Ariz. at 387, ¶ 16, n.3 (citing Restatement § 7.3 cmt. a).

subordination agreement, the 2004 FMF Deed of Trust had priority over the HELOC Deed of Trust. Therefore, applying the replacement doctrine, the 2005 FMF Deed of Trust, which replaced the 2004 FMF Deed of Trust, retained priority over the HELOC Deed of Trust to the extent of $384,040.34, the amount paid on the 2004 FMF Note from the proceeds of the 2005 FMF Loan. Chase suffers no prejudice from application of the replacement doctrine because the HELOC Deed of Trust maintains the same position it occupied before the 2005 Deed of Trust replaced the 2004 Deed of Trust.

¶14 Accordingly, we affirm the superior court's application of the replacement doctrine and conclude that the 2005 FMF Deed of Trust takes priority over the HELOC Deed of Trust to the extent of $384,040.34.

## C. Equitable Subrogation.

¶15 Chase next argues that, even if the replacement doctrine applies, equitable subrogation does not apply because US Bank's predecessor, FMF, "was aware of Chase's lien and failed to take proper steps to ensure that it was satisfied and released."

¶16 As with replacement, Arizona has adopted the definition of subrogation set forth in Restatement § 7.6: "One who *fully performs* an obligation of another, secured by a mortgage, becomes by subrogation the owner of the obligation and the mortgage to the extent necessary to prevent unjust enrichment." (Emphasis added); *Sourcecorp, Inc. v. Norcutt*, 229 Ariz. 270, 273, ¶¶ 10, 12 (2012) (adopting Restatement § 7.6). This court has held that "the doctrine of equitable subrogation allows a subsequent lender who applies funds to a primary and superior encumbrance to be substituted in the priority position of the primary lienholder." *BAC Home Loans*, 230 Ariz. at 590, ¶ 6; *see also Mosher v. Conway*, 45 Ariz. 463, 472 (1935) ("The general rule is that a person having an interest in property who pays off an encumbrance in order to protect his interest is subrogated to the rights and limitations of the person paid.").

¶17 As our supreme court has explained, however, "[e]quitable subrogation is generally permitted only when a person *fully discharges* a debt secured by a mortgage." *Weitz Co. v. Heth*, 235 Ariz. 405, 411, ¶ 20 (2014) (emphasis added). In announcing this general rule, the court relied on Restatement § 7.6 comment a, which states:

> Where subrogation to a mortgage is sought, the *entire obligation* secured by the mortgage must be discharged. *Partial subrogation to a mortgage is not permitted*. The reason is that partial subrogation would have the effect of dividing the

security between the original obligee and the subrogee, imposing unexpected burdens and potential complexities of division of the security and marshaling upon the original mortgagee. However, if the payor can negotiate a full settlement of the obligation for less than its face value, subrogation will be recognized.

(Emphasis added.)

**¶18** *Weitz* involved a construction loan secured by a deed of trust on a high-rise condominium project. 235 Ariz. at 408, ¶ 3. As the individual condominium units were sold, the purchase monies were applied to the construction loan and the lender released the sold units from the deed of trust. *Id.* at ¶ 5. After the majority of units were sold, the general contractor recorded a mechanics' lien against the project. *Id.* at ¶ 6. Our supreme court held that the condominium purchasers and their lenders could be equitably subrogated to the lender's deed of trust because they fully discharged that portion of the construction loan allocated to their properties and obtained releases from the lender. *See id.* at 411, 412, ¶¶ 22, 26.

**¶19** Here, FMF did not fully discharge the obligation secured by the HELOC Deed of Trust, negotiate a full settlement of the HELOC for less than face value or obtain a release from Chase. Accordingly, the doctrine of equitable subrogation does not apply and the HELOC Deed of Trust retains priority over the 2005 FMF Deed of Trust for any amount above and beyond $384,040.34. *See Weitz*, 235 Ariz. at 411, ¶ 20; Restatement § 7.6 cmt. a.[6]

**¶20** Accordingly, we vacate that part of the superior court's order applying the doctrine of equitable subrogation and direct entry of judgment in favor of Chase on US Bank's second claim for declaratory relief.

---

[6]     US Bank also argues that "Arizona case law is clear that an additional advance which may be made under loan documents loses its priority to the interests of a subsequent creditor after the mortgagee has actual notice of the subsequently acquired interest in the property." Under Arizona case law, however, this rule applies *only if* the advance is optional. *La Cholla Grp., Inc. v. Timm*, 173 Ariz. 490, 492 (App. 1992). "The general rule appears to be that, as to obligatory advances where the existence of the mortgagee's obligation to advance funds is of record, the advances have priority over any intervening liens." *Id.* Because advances under the HELOC Deed of Trust were obligatory and not optional, US Bank's argument fails.

**D.    Attorney's Fees.**

**¶21**        After granting summary judgment in favor of US Bank, the superior court awarded US Bank $41,912 in attorney's fees.  On appeal, Chase argues the award was improper because the claims for declaratory relief do not arise out of contract as required by A.R.S. § 12-341.01 (2017).

**¶22**        Section 12-341.01(A) authorizes an award of attorney's fees to the successful party "[i]n any contested action arising out of a contract." "[T]his court will look to the nature of the action and the surrounding circumstances to determine whether the claim is one 'arising out of a contract.'" *Marcus v. Fox*, 150 Ariz. 333, 335 (1986) ("[A]ttorney's fees are not appropriate based on the mere existence of a contract somewhere in the transaction.").   The application of A.R.S. § 12-341.01 is a question of statutory interpretation, which we review *de novo*.  *See Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, 13, ¶ 12 (App. 2000).

**¶23**        Although the underlying loans were the product of contracts between the Loepers and their respective lenders, US Bank's claims for declaratory relief, which request application of the equitable doctrines of replacement and subrogation, do not arise out of contract.  *See Brimet II*, 231 Ariz. at 461, ¶ 22 ("This was a statutory quiet title action that turned on the application of the equitable doctrines of replacement and subrogation; it did not arise out of contract."); *see also Caruthers v. Underhill*, 230 Ariz. 513, 526, ¶ 57 (App. 2012) ("The contract must be the essential basis of the action and not merely a factual predicate.").   For this reason, and because we vacate the superior court's ruling on US Bank's second claim for declaratory relief, we also vacate the superior court's award of attorney's fees and costs.

## CONCLUSION

**¶24**        For the foregoing reasons, we affirm the entry of summary judgment on US Bank's claim for declaratory relief under the replacement doctrine.  We vacate the entry of summary judgment on US Bank's claim seeking declaratory relief under the doctrine of equitable subrogation.  On remand, the superior court is directed to enter summary judgment in favor of Chase on the equitable subrogation claim.  We also vacate the superior court's award of attorney's fees and costs.

**¶25** For the reasons set forth above, we deny US Bank's request for an award of fees on appeal pursuant to A.R.S. § 12-341.01. Chase is entitled to costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21. *See Henry v. Cook*, 189 Ariz. 42, 43 (App. 1996) ("[A] party who succeeds on less than all claims is sufficiently successful to recover costs under the statute.").



AMY M. WOOD • Clerk of the Court
FILED: AA