NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In the Matter of:

THE LLOYD REVOCABLE TRUST

AUTUM HAWORTH, et al., *Petitioners/Appellees*,

*v.*

JUDY LIGON, et al., *Respondents/Appellants*.

No. 1 CA-CV 16-0458
FILED 10-19-2017

Appeal from the Superior Court in Maricopa County
No. PB2013-050882
The Honorable Andrew J. Russell, Judge *Pro Tempore*

**VACATED AND REMANDED IN PART; AFFIRMED IN PART**

COUNSEL

The Law Offices of Kelly J. McDonald, P.L.L.C., Phoenix
By Kelly J. McDonald, Katie L. Warner
*Counsel for Petitioners/Appellees*

Munger Chadwick, P.L.C., Tucson
By Thomas A. Denker, David Ruiz
*Counsel for Respondents/Appellants*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C R U Z**, Judge:

¶1 Appellant Judy Ligon (formerly known as Judy E. Herman, referred to herein as "Judy") challenges those portions of the court's judgment granting Appellees, Autum Haworth and Amber Haworth, a constructive trust over Judy's assets and those of her marital community and awarding attorneys' fees. Judy also contends that Autum and Amber's claims against her for breach of trust were time-barred. We affirm the ruling that the claims were not time-barred, but vacate and remand the imposition of a constructive trust and the award of attorneys' fees.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Robert G. Lloyd and Ruth B. Lloyd established the Lloyd Revocable Trust (the "Trust") in 2000. The Lloyds were Appellees' grandparents; Judy is their aunt. As amended, the Trust provided Judy would receive one-half of the Trust assets, with the other half going to Amber and Autum.

¶3 The Trust provided any beneficiary who was not yet 25 years old would have his or her distribution "continue to be held in trust and be administered by the Successor Trustee for the benefit of each such beneficiary." Upon reaching the age of 25, the beneficiary would receive his or her share of the Trust "and the Trust Estate as to such beneficiary shall thereupon terminate."

¶4 Judy was the trustee of the Trust when Amber, the older of the sisters, reached the age of 25. Judy provided $25,000 to Amber on her 25th birthday. Three years later, when Autum reached her 25th birthday, she contacted Judy to inquire about a possible distribution. Judy responded, "Let me make it clear that you have no inheritance from Ruth and Bob Lloyd. I inherited all the assets." Judy also told Autum that the money Amber received was a personal gift, not a distribution. Autum requested a copy of the "will," but Judy told her she could not find one.

¶5 Autum hired a lawyer, who wrote Judy in December 2010 and March 2011 seeking copies of the Trust documents as well as an inventory and accounting. Judy's husband, Grover Ligon, responded in August 2011, telling Autum's counsel that "Bob left all of his estate to Judy." Grover also wrote:

> Bob had an IRA account, which still exists today, of which Judy is the sole beneficiary. Judy decided to share some of that money with you and Amber and arbitrarily established an equal amount of $25,000 each, with qualifying parameters for giving the gift, those being educational expenses, buying a home or [a] retirement fund. Your share of $25,000 remains in that account.

Judy also called Autum to tell her she would not provide a copy of the Trust documents.

¶6 Autum then hired another lawyer, who obtained copies of the Trust documents from a third party. Autum's counsel wrote Judy in May 2012 to demand "copies of the trust accountings that have been prepared to date" and "distribution of her trust share." Grover responded approximately a month later, telling Autum's counsel that Mr. Lloyd told Judy before his passing that "he wanted her to have everything" and that "we don't need to give the girls anything." Grover reiterated that Judy had set aside $25,000 each for Amber and Autum, and Autum's money remained in a separate account. Grover also acknowledged that he and Judy sold the Lloyds' Sun City West home and a vehicle, both Trust assets, and applied the proceeds from the sale of the Lloyd house to their current home.

¶7 Amber and Autum petitioned for Judy's removal as Trustee on February 4, 2013. Amber and Autum also alleged breach of trust and sought damages pursuant to Arizona Revised Statutes ("A.R.S.") section 14-11002. The superior court set a hearing at which Judy did not appear. Following the hearing, the court entered an order removing Judy as Trustee, finding Judy in breach of trust, and awarding damages "in an amount yet to be determined."

¶8 Approximately two months later, Judy moved to set aside the judgment, contending she did not receive proper notice of the hearing. Judy also moved to dismiss the petition, contending Amber and Autum's claims were time-barred under A.R.S. § 14-11005 because they did not file their petition within two years of the termination of their interests in the

Trust, which she alleged occurred on their respective 25th birthdays. The court denied Judy's motion, finding that Amber and Autum gave Judy proper notice of the hearing under A.R.S. § 14-1401(A)(2) and that "[Judy's] repeated lies about the Trust and the destruction of the original Trust [documents]" tolled the statute of limitations.

**¶9** Two years later, Amber and Autum moved for the entry of final judgment against Judy, arguing Judy had not responded to their requests for information regarding the Trust and its assets. Amber and Autum requested $340,305.92 in damages against Judy. Judy opposed the motion and requested a damages hearing, which the superior court granted after settlement efforts failed.

**¶10** Amber and Autum then filed a "motion for leave to amend motion for entry of final judgment," seeking to "include a request for the finding of Constructive Trust against the property of both [Grover and Judy]" in the judgment. The superior court granted their motion, following which Grover appeared in the case for the first time with counsel. The court then denied Judy's motion for reconsideration.

**¶11** Following an evidentiary hearing at which both Judy and Grover testified, the superior court entered judgment against Judy for $290,145.14, which included $82,540.62 of attorneys' fees. The court also imposed a constructive trust "on the personal assets of Judy Ligon and community assets of Judy Ligon and Grover Ligon" as well as on the Ligons' home.

**¶12** We have jurisdiction over the Ligons' timely appeal pursuant to A.R.S. § 12-2101(A)(9).

**DISCUSSION**

I.     Amber and Autum's Claims Were Not Time-Barred

**¶13** We first address Appellants' contention that Amber and Autum's claims were time-barred because their interests in the Trust terminated on their 25th birthdays in 2007 and 2010, respectively. *See* A.R.S. § 14-11005(C)(2) ("[A] judicial proceeding by a beneficiary against a trustee for breach of trust must be commenced within two years after . . . [t]he termination of the beneficiary's interest in the trust.").

**¶14** The Trust states that, when the beneficiaries turn 25, "their separate share trust shall be distributed to them and the Trust Estate as to such beneficiaries shall thereupon terminate." Under that provision,

4

Amber and Autum's interests were not to terminate until they received their respective distributions. If their respective interests were to automatically terminate upon their 25th birthdays, as Judy argues, the Trust would have said just that. But instead, the Trust tied termination of the beneficiaries' interests to their distributions by providing that distributions would be made upon the beneficiaries' 25th birthdays and further reciting that their respective interests "thereupon" would terminate. *See KAZ Const., Inc. v. Newport Equity Partners*, 229 Ariz. 303, 305, ¶ 7 (App. 2012) ("[A] trust must be interpreted according to its terms."). Appellants do not dispute that neither Amber nor Autum received their share of the Trust in 2007, 2010, or any time thereafter. Their claims therefore are not time-barred.[1]

II. Amber and Autum Were Not Entitled to a Constructive Trust

**¶15** A court may impose a constructive trust when a defendant obtains property through unconscionable conduct, including breach of a fiduciary duty. *Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 229 Ariz. 377, 409, ¶ 107 (App. 2012). A constructive trust compels a defendant who unfairly holds a property interest to convey that interest to whom it justly belongs. *Id.* The court may not, however, impose a constructive trust if the claimant has an adequate remedy at law. *ML Servicing Co., Inc. v. Coles*, 235 Ariz. 562, 569, ¶ 24 (App. 2014). It was Amber and Autum's burden to show they were entitled to a constructive trust by clear and convincing evidence. *Murphy Farrell Dev., LLLP v. Sourant*, 229 Ariz. 124, 131, ¶ 24 (App. 2012). We will not interfere with the superior court's determination as to the sufficiency of the evidence unless no reasonable person could have agreed with it as a matter of law. *Cal X-Tra*, 229 Ariz. at 409, ¶ 108.

**¶16** For a constructive trust to be imposed, Amber and Autum also had to identify specific assets that could be traced back to Trust funds. *See Burch & Cracchiolo, P.A. v. Pugliani*, 144 Ariz. 281, 286 (1985) ("A prerequisite to the imposition of a constructive trust is the identification of a specific property belonging to the claimant."); *Amtitle Trust Co. v. Fitch*, 25 Ariz. App. 182, 184 (1975) ("A prerequisite to the imposition of a constructive trust is the identification of a specific property, or res, in which the claimant has an interest."). Autum and Amber presented no evidence

---

[1] For this reason, we do not reach the parties' equitable tolling arguments. *See Parkinson v. Guadalupe Pub. Safety Ret. Local Bd.*, 214 Ariz. 274, 277, ¶ 12 (App. 2007) ("We will affirm the superior court if its ruling was correct for any reason, even if that reason was not considered by the court.") (internal quotations and citation omitted).

tracing any Ligon asset to Trust funds or assets except for the Ligons' current home, which Grover acknowledged was purchased using proceeds from the sale of the Lloyd house. The record thus does not support imposing a constructive trust over all "personal assets of Judy Ligon and community assets of Judy Ligon and Grover Ligon." *See Sourant*, 229 Ariz. at 131, ¶ 23 ("At a minimum, . . . the plaintiff must have an equitable interest in the property wrongly held by the defendant to give rise to the defendant's duty to convey that property to the plaintiff.").

**¶17**        As for the Ligon home, the court included the proceeds from the sale of the Lloyd house in its damages award. The damages award presumably could constitute an adequate remedy at law, but Amber and Autum contend that is not so because the Trust proceeds have been converted into equity in the Ligon home and because Judy and Grover hold the home as community property.

**¶18**        As to the first issue, although the evidence is undisputed that the Ligons used Trust assets to purchase their home, that evidence is insufficient to conclude that the Ligons bought the home *using Trust assets alone*. Amber and Autum cite no authority for the proposition that a constructive trust is the appropriate remedy when, as here, improperly converted trust assets may represent only a portion of the value the trustee paid to acquire other property. In such a situation, Arizona law may allow for the imposition of equitable liens when unjust enrichment would result. *See Byers v. Wik*, 169 Ariz. 215, 224 (App. 1991).

**¶19**        Further, the superior court erred by awarding Amber and Autum judgment against Grover's community interest in the home when they had not named Grover as a defendant, and in the resulting absence of a finding of liability against him. Amber and Autum could have sought leave to name Grover as a party; their failure to sue Grover does not now entitle them to a constructive trust over the community property. *See* A.R.S. § 25-215(D); *see also Spudnuts, Inc. v. Lane*, 139 Ariz. 35, 36 (App. 1984) (rejecting post-judgment addition of husband as a defendant, stating "if a plaintiff wants to hold a marital community accountable for an obligation, both spouses must be sued jointly").

**¶20**        For these reasons, we vacate the imposition of a constructive trust and remand for further proceedings to determine an appropriate remedy. On remand, the superior court may consider whether Judy's community interest in the Ligon home is subject to an equitable lien. In its discretion, the court also may entertain a motion by Amber and Autum to amend their complaint to name Grover as a defendant.

III.    The Superior Court Erred by Awarding Attorneys' Fees Without Adequate Support

¶21        Appellants also challenge the superior court's fee award to Amber and Autum.  Under A.R.S. § 14-11004(B), the court may "order that a party's reasonable fees . . . be paid by any other party . . . ."  We review the award for an abuse of discretion.  *In re Conservatorship for Mallet*, 233 Ariz. 29, 31, ¶ 7 (App. 2013).  The court abuses its discretion if there is no reasonable basis in the record for its award.  *State ex rel. Corbin v. Tocco*, 173 Ariz. 587, 595 (App. 1992).

¶22        Amber and Autum's counsel represented at the evidentiary hearing that they had incurred $82,540.62 in attorneys' fees to date.  The superior court then stated:

> Because attorneys['] fees have been awarded previously, I will allow the -- Ms. Warner and the Petitioners to present an application for fees which you'll have a chance to respond to of course, and we'll determine what that -- what that final number is.

The court did not, however, await an application; it instead accepted counsel's avowal as "reasonable" and awarded Amber and Autum the full $82,540.62 in the judgment.

¶23        Counsel's avowal, standing alone, was not adequate support for the fee award.  *See* Ariz. R. Civ. P. 54(g)(4); *see also S & R Properties v. Maricopa County*, 178 Ariz. 491, 504-05 (App. 1993) ("Although trial courts have wide discretion in determining the amount of attorneys' fees, the award must have a reasonable basis in the record.").  Moreover, Appellants were given no opportunity to challenge the reasonableness of the fee claim. *See Reed v. Reed*, 154 Ariz. 101, 108 (App. 1987) (reversing attorneys' fee award on due process grounds where the trial court had "effectively refused to allow petitioner to be heard on the subject of the reasonableness and appropriateness of the fees and expenses claimed").  Without expressing any opinion on the reasonableness of the requested fees, we therefore vacate the fee award and remand for further proceedings to determine a reasonable award.[2]

---

[2]    Appellants also argue Amber and Autum waived their fee claim by not filing an application under Rule 54(g)(2), which at that time required a party seeking fees to file a motion "within 20 days from the clerk's mailing

IV.    Attorneys' Fees and Costs on Appeal

**¶24**        Appellants request an award of attorneys' fees and costs on appeal pursuant to § 14-11004.  In our discretion, we deny their fee claim.  Appellants were partially successful in this appeal; we therefore will award them taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.  *US Bank, N.A. v. JPMorgan Chase Bank, N.A.*, 242 Ariz. 502, ¶ 25 (App. 2017).

## CONCLUSION

**¶25**        We vacate and remand for further proceedings those portions of the judgment granting Amber and Autum a constructive trust and attorneys' fees.  We affirm the remainder of the judgment.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

of a decision on the merits of the cause."  Amber and Autum had no reason to file a motion because the court granted their entire fee claim when it rendered its decision on the merits.  We decline to find waiver on this record.